UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEYNIER PEREZ GONZALEZ,<br>Petitioner,<br>v.<br>WARDEN CENTRAL VALLEY ANNEX,<br>Respondent. | No. 1:26-cv-06767-DAD-AC<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION TO EXPEDITE AS MOOT</u><br><br>(Doc. Nos. 1, 2, 3) |

On August 24, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for a temporary restraining order ("TRO") (Doc. No. 2), and a motion to expedite. (Doc. No. 3.) On August 25, 2026, the court set a briefing schedule on the pending TRO motion and directed respondent to indicate in its opposition whether this case is distinguishable from the circumstances addressed in several of the court's cited prior orders. (Doc. No. 6.) The court also directed that if respondent opposed the court ruling on the underlying habeas petition based on the current briefing before it, respondent was to indicate in the opposition and provide substantive reasons in support of that position. (*Id.*) On August 27, 2026, respondent filed a response to the pending TRO motion and expressed no opposition to the court ruling on petitioner's habeas petition based on the current briefing before it (Doc. No. 7), so the court will do so.

In respondent's opposition, it argues that petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b) (Doc. No. 7 at 1), but recognizes the controlling authority from the Ninth Circuit, *see Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), which holds that petitioner is being detained pursuant to 8 U.S.C. § 1226(a). (Doc. No. 7 at 1.) Respondent further states that the appropriate remedy in petitioner's case would be a custody redetermination hearing before an immigration judge. (*Id.*)

Petitioner is a citizen of Cuba. (Doc. No. 1 at 2.) He entered the United States on or about March 18, 2022, at which time he was encountered immigration authorities and then released on his own recognizance. (*Id.*) Petitioner states that he has a pending asylum application and that his current detention followed from ICE agents taking him into custody while he was exercising in a public park. (Doc. No. 1 at 2-3.) Respondent's exhibits present a different version of petitioner's current detention. Respondent includes petitioner's I-213 form which states that an immigration detainer was lodged against petitioner in July 2026 when he was detained by local law enforcement in Florida. (Doc. No. 7-1 at 2.)

Pursuant to the reasoning set forth in this court's prior order in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *2–5 (E.D. Cal. Nov. 21, 2025), the court concludes that petitioner acquired a liberty interest in his continued release and the government violated due process by re-detaining petitioner without a pre-deprivation immigration hearing given his prior release by immigration authorities on his own recognizance. Whether immigration authorities detained petitioner in the public park as petitioner claims, or through the immigration detainer issued when he was in local law enforcement custody as respondent states, matters not for purposes of the pending petition. Under either circumstance, petitioner was not provided a pre-deprivation custody re-determination hearing before an immigration judge, both of which he was entitled to as a matter of due process. As courts have noted, and as is the case here, "respondent does not argue that petitioner is a danger to the community or a flight risk. Moreover, there is no indication that a pre-deprivation hearing was unnecessary because petitioner was already in local law enforcement custody when he was re-detained[.]" *Hidalgo v. Warden, Cal. City Det. Facility*, No. 1:26-cv-03511-DC-JDP, 2026 WL 1506821, at *4 (E.D. Cal.

May 29, 2026), *report and recommendation adopted sub nom.*, *Hidalgo v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-03511-DC-JDP, 2026 WL 1707795 (E.D. Cal. June 12, 2026). Petitioner is therefore entitled to release from immigration custody at this time.

Accordingly, for the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondent is ORDERED to immediately release petitioner Leynier Perez Gonzalez, A-File No. 240-651-217, from respondent's custody;
   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will bear the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;
2. Petitioner's motions for temporary restraining order (Doc. No. 2), and to expedite (Doc. No. 3), are DENIED as having been rendered moot by this order granting his petition for writ of habeas corpus;
3. The Clerk of the Court is directed to serve the warden of the Central Valley Annex with a copy of this order; and
4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 2, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE